UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61230-CV-DIMITROULEAS

JOSE A HERNANDEZ REYES,

     Petitioner,

v.

TODD BLANCHE,
Attorney General of the United States.
MARKWAYNE MULLIN, SECRETARY,
U.S. Department of Homeland Security (DHS),
TODD M. LYONS,
Acting Director, U.S. Immigration and Customs Enforcement (ICE),
GARRETT J. RIPA,
Field Office Director, ICE Enforcement and Removal Operations (ERO),
Miami Field Office.
WARDEN/FACILITY ADMINISTRATOR,
BROWARD TRANSITIONAL CENTER
3900 N. POWERLINE RD
POMPANO BEACH, FL 33073
AND ALL OTHER PERSONS HAVING CUSTODY OF PETITIONER,

     Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner JOSE A HERNANDEZ REYES

("Petitioner")'s Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2241 [DE 1], filed

April 27, 2026. The Court has considered the Petition, the Respondents' May 1, 2026, Response

[DE 6], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the

premises.

Upon careful consideration of the arguments presented by both sides, the Court is

persuaded by the reasoning and conclusion of the recent decision entered on February 6, 2026 by

---

[1] The Court's April 28, 2026 Order Requiring Expedited Response from Respondents permitted Petitioner to file a Reply on or before May 5, 2026. *See* [DE 4].

the Fifth Circuit Court of Appeals, holding that the noncitizen petitioners in removal proceedings were subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because they were present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026).  The Court adopts the analysis of the majority opinion of that decision as if set forth herein. *See also Herrera Avila v. Bondi et al.*, Case. Nos. 25-3248 (8th Cir., Mar. 25, 2026) (agreeing with analysis in *Buenrostro-Mendez v. Bondi*; reversing district court's holding that the Government could not detain petitioner without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov